GARETTA T. BISHOP

*v.*

MARIA F. WALDRON et al.

[Filed May 16th, 1898.]

1. Under rule 209 of the court of chancery, requiring a demurrer to specify the grounds upon which it rests, a demurrer to the bill in this case, on the ground that the bill does not present a case sufficient for answer or relief, is insufficient.

2. Under the statute (*Gen. Stat. p. 3486*) it is not the duty of the complainant to set out the claims of the defendants in the bill. The statement of the defendants' claims is a matter for the answer.

---

On demurrer to bill to quiet title under the statute.

*Mr. Willard P. Voorhees,* for the complainant.

*Mr. John S. Voorhees,* for the demurrant.

THE CHANCELLOR.

This suit is brought under the act entitled "An act to compel the determination of claims to real estate in certain cases and to quiet the title to the same" and its supplements. *Gen. Stat. p. 3486.* The bill, among other things, alleges that in 1879 the complainant purchased a large tract of land in the city of New Brunswick which, in 1886, she caused to be mapped into twenty-eight building plots, delineating on the map a street through the tract called Bishop Place; that thereafter she proceeded to sell the plots and, between October, 1886, and March, 1892, conveyed away nine of them to seven different purchasers, all except the first sold being conveyed under covenant on the part of the grantee that the use of the land purchased should be permanently restricted by specified limitations as to the character and location of buildings to be erected thereon and by the prohibition of nuisances and specified businesses thereon; that several of the grantees of the plots have since conveyed their holdings; that the present owners of the plots, who are made the defendants, deny and dispute the complainant's title and claim to have some title, interest or easement in or encumbrance upon the plots remaining unsold, which are described, and dispute the complainant's right to convey the title to the said residue free and clear from all liens, encumbrances, easements, restrictions and conditions therein; that the complainant has an opportunity to sell the plots remaining unsold but cannot do so because of the claim indicated; that she is in peaceable possession of the remaining plots, claiming to own the same, and that no suit is pending to enforce or test the defendants' title, claim, encumbrance, easement, restriction or condition, the same being utterly without foundation.

The facts recited go to show a connection of the defendants with the tract of land mapped and partially sold by the complainant, but the bill does not specify the title, interest or en-

cumbrance claimed by the defendants. On the contrary, it calls upon the defendants to answer and set forth the same, that the validity thereof may be determined.

The defendant Maria F. Waldron, who is the owner of one of the plots sold subject to the restrictive covenant, demurs to the bill as not presenting a case sufficient for answer or relief. The demurrer fails to specify the particular grounds upon which it rests.

Upon the argument the grounds relied upon by the demurrant were—*first*, that the bill does not allege that the complainant cannot attack the claim of the defendants by suit at law, and *second*, that its allegations show that the defendants have a valid and enforceable interest in the unsold plots owned by the complainant.

The demurrer is objectionable under the two hundred and ninth rule, which requires that the particular grounds upon which it rests shall be specified. *Essex Paper Co.* v. *Greacen, 18 Stew. Eq. 504; Van Houten* v. *Van Winkle, 1 Dick. Ch. Rep. 385.* If motion had been made to strike it out, the motion would have prevailed, for, as has been seen, the grounds taken at the argument could have been distinctly stated in the demurrer in intelligible propositions.

Passing to the grounds relied upon at the argument to sustain the demurrer, I think that an examination of the statute shows them to be not well taken. In the case of *Ludington* v. *City of Elizabeth, 5 Stew. Eq. 159,* Chancellor Runyon ruled that it is not necessary, in a bill under the statute considered, to set out the defendant's claim. He said : " The complainant is not required to state the claim made by the defendant which is the object of the suit to silence or extinguish. It might be impossible to do so."

The statute's requirement is that the bill shall describe the land, name the claimant or person reputed to have title, interest or encumbrance, and call upon him to set forth and specify his title, claim or encumbrance, and how and by what instrument' the same is derived or created. The object is to make available a proceeding to one in peaceable possession of land, without ordi-

nary remedy against those who cloud his title thereto by reputed or actual denial of that title, or by assertion of hostile interest in or encumbrance upon the land, there being no suit pending to test the adverse claim whereby, in the language of the statute, he may "settle the title of said lands and  *  *  *  clear up *all* doubts and disputes concerning the same." It is commenced by bill which alleges jurisdictional facts to bring the case within the statute, and demands that the defendant set forth and specify his title, claim or encumbrance, if any he has. If the defendant shall answer making claim, it is required that he shall take the affirmative, and in his answer specify and set forth the estate, interest or encumbrance he claims, and the sources through which the same is claimed to be derived. In short, it is intended, to set doubt and uncertainty at rest, that the bill shall challenge the assertion of a definite claim or definite claims which may become subject-matter for the court's action, upon penalty, if the challenge be not accepted by the assertion of the claim by answer, of a decree, without proof, that the defendant has no estate or interest in or encumbrance upon the lands described in the bill or any part of them.

But more than this, the proceeding is not restricted to the settlement of a single possible claim that may be suggested by the bill. It extends to the complete settlement of every claim that the defendants called upon to answer may have. *Southmayd* v. *City of Elizabeth, 2 Stew. Eq. 203.*

The scheme of the statute is predicated in a degree upon the complainant's possible lack of knowledge of the defendants' claims, and therefore it cannot be construed to require any allegation which cannot be made without such knowledge, to wit, an allegation that the defendants' unknown or imperfectly-known claim cannot be attacked at law.

That the bill need not make such an allegation is clearly distinguishable from the construction put upon the statute that the proceeding is not available when, after answer, it shall appear that it was not or is not beyond the complainant's power to put the hostile claim to rest by one of the ordinary processes of the

law.   *Jersey City* v. *Lembeck, 4 Stew. Eq. 255, 272; Albro* v. *Dayton, 5 Dick. Ch. Rep. 574.*

To the second ground of demurrer it is sufficient to answer that the complainant's indication of a single claim, even if it should be in terms that may show it to be valid, where the relief he asks, as in this case, is not against that claim, according to his statement of it, or against it alone, does not dispense with the necessity for answer.   The complainant is entitled to have the defendant declare if he has such a claim or any other claim or claims, and to draw the defendant's own statement of the claim or claims he may have.   The suit may be used, as in this case, to clear up not one only, but *all* doubts and disputes concerning the title to the lands between the parties to the suit. Under the frame of the present bill the matter of the validity of claims is not drawn in question until the answer shall state the claims.

The demurrer will be overruled, with costs.